EL PUEBLO, DEMANDANTE Y APELADO, *v.* MARTÍNEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en causa por falsa representación e impostura en grado de tentativa.

No. 1798.—Resuelto en junio 29, 1923.

FALSA REPRESENTACIÓN — SIMULACIONES FALSAS O FRAUDULENTAS. — Para que exista el delito de falsa representación en grado de tentativa no es preciso que la falsa o fraudulenta simulación se haga a la persona que de haberse consumado el delito habría resultado defraudada.

ID.—APELACIÓN—EXPOSICIÓN DEL CASO—DOCUMENTOS OMITIDOS EN LA EXPOSICIÓN DEL CASO.—Si en los autos no se transcribe un documento presentado por el acusado, quien alega ser errónea la resolución negando la admisión del mismo, o no consta en los autos una descripción tal que permita deducir la pertinencia y valor probatorio del documento, el Tribunal Supremo no puede decidir si el error existe o no.

Id.—Sentencia o Presunción de Intención. — Una sentencia condenatoria no puede revocarse por virtud de la teoría de que si hubiera estado el acusado representado por abogado en la corte inferior, algunos hechos, además del mero absurdo de los medios empleados, podrían haberse desarrollado tendentes a destruir la presunción legal de que un hombre intenta hacer lo que en realidad hace.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. V. P. Martínez* y *L. Janer Landrón.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

En este caso el apelante fué declarado culpable de un delito de falsa representación e impostura en grado de tentativa.

El primer señalamiento se refiere a la desestimación por la corte inferior de una moción de sobreseimiento hecha por el acusado y basada en la supuesta irregularidad habida durante la investigación que hizo el Gran Jurado con anterioridad a la presentación de la acusación.

Como indicó la corte inferior en su resolución, la moción no estaba jurada ni acompañada de *affidavits,* y no se hizo tampoco ningún esfuerzo por probar las manifestaciones en ella contenidas. Sin embargo, la corte de distrito se impuso la molestia de examinar el récord taquigráfico de los procedimientos y de emitir una opinión por escrito en la que se discuten y resuelven las varias cuestiones levantadas por el acusado, con citas de autoridades. En el alegato del apelante simplemente se nos hace referencia sin otra argumentación, a las razones aducidas en la moción, y ni el error, de haberse cometido alguno por el juez sentenciador, ni ningún perjuicio como consecuencia del mismo, es tan manifiesto que justifique el tener que hacerse ahora una investigación o discusión independiente de las cuestiones técnicas envueltas.

El segundo señalamiento es que la corte inferior incu-

rrió en error al desestimar una excepción perentoria formulada a la acusación fundada. en la falta de hechos suficientes para constituir un delito. Los hechos imputados son los siguientes:

"El referido Víctor P. Martínez, con intención de defraudar a don Eduardo Méndez la cantidad de cinco mil dollars (5,000), con fecha doce de agosto de 1917, en Aguadilla, P. R., que forma parte del distrito judicial del mismo nombre, endosó a la orden deı American Colonial Bank, de San Juan, para que esta institución lo cobrara y acreditara al acusado en cuenta corriente, un *check* No. 22568, expedido en Aguadilla por don Eduardo Méndez, con fecha 22 de junio de 1914, a favor del acusado y contra el Banco Comercial de Puerto Rico, Aguadilla Branch, por la cantidad de cinco mil dollars, cuyo check endosó como válido y exigible, a sabiendas de que no lo era, por haberle sido satisfecha la cantidad para cuyo pago fué expedido, por medio de una carta orden contra el Banco Comercial de Puerto Rico, Aguadilla Branch, librada con posterioridad pero en la misma fecha de la expedición del *check,* y en virtud de estas falsas y fraudulentas simulaciones, obtuvo el acusado que el American Colonial Bank procediera a cobrar dicho *check* del Banco Comercial de Puerto Rico, Aguadilla Branch, depositario de fondos de D. Eduardo Méndez, no habiéndose realizado el cobro por haber este Banco notificado al librador del *check,* quien protestó contra la validez y exigibilidad del mismo."

La teoría del apelante es que las falsas representaciones en cuestión no podían haber engañado a Méndez, la preten-dida víctima, quien sabía que el cheque había sido pagado, porque él lo había pagado. La contestación del fiscal, después de hacer una reseña de la prueba, más bien que de los hechos imputados, es que, a no ser por la falta de fondos suficientes para cubrir su importe, circunstancia que no se menciona en la acusación, Méndez hubiera tenido conocimiento de las falsas simulaciones después de haberse verifi-cado el pago. El argumento del apelante asume, desde luego, que las falsas representaciones deben hacerse a la persona defraudada, mientras que el del fiscal, a la vez, sin

hacer argumentación o cita de autoridades, envuelve clara-
mente la hipótesis contraria.

Nuestro estatuto, sin embargo, se refiere a "toda per-
sona que a sabiendas e intencionalmente, valiéndose de falsas
y fraudulentas simulaciones, defraudare dinero o bienes a
otra persona." Claramente que no dice que la falsa o frau-
dulenta simulación debe hacerse a la persona defraudada,
y el peso decidido de las autoridades parece sostener la pro-
posición de que, de acuerdo con tal disposición, no es nece-
sario, para sostener una condena que tal representación sea
hecha de ese modo. *Commonwealth of Ky.* v. *Johnson*, L.
R. A. 1916, D. 267, nota y casos citados.

Los señalamientos 14 y 15, se refieren a la exclusión de
cierta prueba documental ofrecida por el acusado.

Aquí también no se discute la cuestión en absoluto en el
alegato del gobierno y el apelante en su alegato, sin hacer
argumentación o siquiera alguna referencia a la página, o a
cualquier determinada parte de los autos, descansa simple-
mente en las razones que fueron aducidas al dictarse la re-
solución.

En un llamado pliego de excepciones encontramos lo si-
guiente:

"12. Al presentar el acusado como evidencia, la copia debida-
mente autorizada de la escritura No. 134 de *carta de pago y cancela-
ción total,* otorgada en 13 de agosto de 1919, ante el Notario Arturo
Reichard del Valle por Antonio Segardía y Torrens como Adminis-
trador Judicial (*de facto*) de los bienes de Víctor Martínez y Mar-
tínez, 'del crédito hipotecario de que se hace mención en el contrato
de promesa de venta tantas veces repetido e inscrito en el Regis-
tro de la Propiedad a favor de este acusado Víctor P. Martínez y
González,' para destruir los cargos hechos por el Pueblo y el denun-
ciante, de la supuesta intención criminal y de que no tenía el de-
nunciante escritura con que probar aquellas entregas de dinero.
El Pueblo se opuso a su admisión, la corte sostuvo la oposición, y
el acusado tomó excepción por las razones antes expuestas.

"13. Al presentar el acusado una certificación del registrador

de la propiedad de este distrito, Joaquín Martínez Cintrón de febrero 3 de 1921, creditiva de estar trasladada la anterior escritura de carta de pago y cancelación total y que con fecha anterior estaba inscrito el crédito hipotecario a favor del acusado en el registro de la propiedad de este distrito y que dicha inscripción fué hecha en el tiempo que se ha tramitado esta causa por el representante de El Pueblo, Ledo. Acosta y Acosta, El Pueblo se opuso, la Corte sostuvo dicha oposición y el acusado tomó excepción por los motivos que las anteriores.''

A falta de los documentos excluídos o de alguna idea más definida de su contenido, pertinencia y valor probatorio, o de los fundamentos por los cuales la objeción a ellos fué hecha y sostenida por la corte, que no sea la que puede verse de la cita anterior, no podemos decir que la corte inferior cometió error al negarse a admitir la prueba.

Diez y ocho de los veintiún señalamientos contenidos en el alegato fueron prácticamente abandonados por el abogado del acusado en la vista. Las tres cuestiones sometidas en el informe oral como dignas de consideración, y una extra, ya han sido resueltas. Las otras no requieren seria consideración.

El ''Pliego de Excepciones'' expresa que al ofrecerse el check No. 22568, ''propiedad del acusado,'' el cual se menciona en la acusación, el acusado se opuso, porque el mismo ''no había sido traído mediante un procedimiento de ley, porque había sido de antemano reclamado y negado (su entrega) por la corte, no había sido debidamente autenticado, y porque la propiedad del acusado no podía aducirse en su contra.'' Se hizo oposición a otro documento, porque no había sido debidamente autenticado y demostraba que el acusado era ''copropietario.'' A la carta orden mencionada en la acusación se hizo objeción por el fundamento de que era en propio beneficio del denunciante Méndez, no tenía relación con el check y no estaba debidamente autenticada. Se hizo oposición a otro cheque por no tener fuerza proba-

toria contra el acusado, sino contra el banco, no tener rela-
ción con el cheque No. 22568 y no estar debidamente auten-
ticado.

Expresa también el apelante en su alegato, que en fe-
brero de 1918 la Corte de Distrito de San Juan sobreseyó
una acusación sin ordenar la radicación de una nueva; que
una sentencia condenatoria dictada en la misma corte a vir-
tud de una acusación posterior, fué revocada por esta Corte
Suprema en julio de 1919, sin ordenarse un nuevo juicio; que
en abril de 1920, en el procedimiento de *certiorari* No. 280,
de *Martínez* v. *Crosas,* esta corte anuló otra acusación sin
ordenar la presentación de una nueva, y que en julio del
mismo año fué sobreseída otra acusación por esta corte.    To-
das estas cuestiones se alegan insistentemente como consti-
cutivas de haber estado el acusado expuesto anteriormente
(*former jeopardy*).    Aparte de cualquiera cosa que pudiera
decirse con relación a la forma en que fué presentado este
aspecto del caso en la corte inferior, la contención que ahora
se hace pasa enteramente por alto toda cuestión relativa al
tiempo en que está en peligro el acusado (*jeopardy*), a los
elementos necesarios de la doctrina y al efecto de una renun-
cia o impedimento.    Otra idea persistente que según parece
surge de una confusión igualmente irremediable en la in-
terpretación de las disposiciones estatutorias relativas a los
delitos de *felony* y *misdemeanor* y al castigo de las tenta-
tivas para cometer delitos, es que está prescrita la acción.
También contiene el alegato una larga disertación sobre la
cuestión de título a cheques y otros documentos negociables
y a los respectivos derechos del acusado y el denunciante de
acuerdo con el Código Civil y el Código de Comercio, con
copiosa cita de autoridades, incluyendo la Corte Suprema
de Viena y la Casa Inglesa de los Lores.

Hemos hecho referencia a estas cuestiones meramente
por vía de ilustración y de introducción a lo que sigue.

La sorprendente facilidad con que este acusado parece

acumular obligaciones legales y morales, a veces quizás el resultado inesperado aunque lógico de algún concepto tergiversado del derecho de defensa propia, y la incapacidad absoluta para afrontar las situaciones así creadas, puede ser bastante para justificar algunas palabras en conclusión, que ordinariamente estarían fuera de lugar en una opinión judicial.

El apelante aparentemente llevó su propio caso ante la corte inferior y preparó el alegato en apelación, aunque un compañero compareció a la vista e hizo lo más que pudo de un mal caso en el estado en que lo encontró. Hemos tenido ocasión hasta ahora de advertir al apelante la improcedencia de tal procedimiento, pero la indicación parece haber corrido la suerte que tan frecuentemente corre el consejo bien intencionado pero no solicitado.

Por otra parte, es enteramente concebible que un veredicto diferente podría haberse obtenido o si no, por lo menos alguna cuestión meritoria pudo haberse reservado en los autos y presentado para ser considerada en apelación En este sentido el caso es típico de una situación cuya frecuente repetición en toda la historia del litigio en el cual ha sido parte el apelante no se ha escapado a nuestra atención. Las penalidades incurridas, de considerarse únicamente desde este punto de vista, han sido fuertes; pero hasta aquí, lo mismo que ahora, la víctima de sus propias mal inclinadas actividades no ha sido susceptible de ayuda judicial.

El presente caso varía de las acciones civiles arriba mencionadas, sin embargo, en que no se ha ocasionado a otros ninguna verdadera pérdida o grave daño; y puede ser que la experiencia, que abarca un período de seis años, ya adquirida del presente procedimiento, sea bastante para disuadir la repetición del delito sin la humillación adicional de un término de cárcel. Consideradas todas estas cosas, no parece sino razonable hacer mención de estas cuestiones por el valor que puedan tener en vista de la posibilidad de que el apelante pudiera desear acudir a la gracia ejecutiva.

Por supuesto que no podemos revocar una sentencia por virtud de la teoría de que si hubiera estado el acusado representado por abogado en la corte inferior, algunos hechos, además del mero absurdo de los medios empleados, podrían haberse desarrollado tendentes a destruir la presunción legal de que un hombre intenta hacer lo que en realidad hace.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociado Aldrey.

Los Jueces Asociados Sres. Wolf y Franco Soto no intervinieron en la resolución de este caso.