No. 17. — In re. V. Martínez, querellado. — *Disbarment.* Mayo 8, 1925.

Por cuanto Víctor P. Martínez, un abogado y notario admitido a ejercer en Puerto Rico, fué condenado a sufrir la pena de seis meses de cárcel como autor de un delito de falsa representación e impostura que implica depravación moral;

Por cuanto basándose en tal condena el Fiscal General de Puerto Rico archivó una querella pidiendo la separación del querellado del ejercicio de su profesión;

Por cuanto notificado el querellado, contestó alegando entre otras la circunstancia de haber sido indultado del delito de que fué convicto por el Gobernador y pidiendo que se desestimara la querella;

Por cuanto la sección 9 de la Ley creando la Comisión de Reputación de 1909, p. 97, Comp. sec. 172, en lo pertinente dice: "La persona que siendo abogado fuere convicto de un delito grave (*felony*) cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicto que fuere, de ser abogado o de ser competente para la práctica de su profesión. * * * Al ser revocada

dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos ó del Gobernador de Puerto Rico, la Corte Suprema estará facultada para dejar sin efecto o modificar la orden de suspensión (*disbarment*);

Y por cuanto en la opinión de esta corte emitida para confirmar la sentencia por virtud de la cual fué condenado el querellado, aparecen las siguientes manifestaciones:

"El presente caso varía de las acciones civiles arriba mencionadas, sin embargo, en que no se ha ocasionado a otros ninguna verdadera pérdida o grave daño; y puede ser que la experiencia, que abarca un período de seis años, ya adquirida del presente procedimiento, sea bastante para disuadir la repetición del delito sin la humillación adicional de un término de cárcel. Consideradas todas estas cosas, no parece sino razonable hacer mención de estas cuestiones por el valor que puedan tener en vista de la posibilidad de que el apelante pudiera desear acudir a la gracia ejecutiva.

"Por supuesto que no podemos revocar una sentencia por virtud de la teoría de que si hubiera estado el acusado representado por abogado en la corte inferior, algunos hechos, además del mero absurdo de los medios empleados, podrían haberse desarrollado tendentes a destruir la presunción legal de que un hombre intenta hacer lo que en realidad hace." 32 D.P.R. 160, 166.

Por tanto, la corte, apreciadas todas las circunstancias concurrentes, acuerda que en vez de separar para siempre *debe suspender como suspende* por término de seis meses, contado a partir de esta fecha, al dicho querellado Víctor P. Martínez, del ejercicio de la abogacía y notaría, debiendo comunicarse esta resolución en la forma que determina la ley.